UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
                                    *   Case No.  6 :10-CV-1756
CAFÉ DES AMIS, INC.                 *
                    Plaintiff,      *
Versus                              *
                                    *
BACCHUS MANAGEMENT                  *
GROUP, LLC                          *
                    Defendant.      *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

**COMPLAINT**

Plaintiff, Café des Amis, Inc. ("Plaintiff" or "the Company"), through its undersigned attorneys, alleges for its Complaint as follows:

**PARTIES**

1.     Plaintiff Café des Amis, Inc. is a Louisiana corporation with a place of business in this District, namely the "Café des Amis" restaurant in Breaux Bridge, Louisiana.

2.     Defendant Bacchus Management Group L.L.C. is a California limited liability company with its principal place of business at 3001 19th Street in San Francisco, California.

1

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this suit pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367 because the action involves claims arising under the trademark laws of the United States and related claims under the laws of the State of Louisiana, which form a part of the same case or controversy.

4. This Court has personal jurisdiction over Defendant in this matter pursuant to Rule 4 of the Federal Rules of Civil Procedure and La. R.S. 13:3201, because Defendant has purposefully directed its business activities toward Plaintiff within this judicial district, and the effects of Defendant's activities have caused harm to Plaintiff within this judicial district.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because a substantial part of the events and property that are the subject of this action are situated within this judicial district.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

6. Since 1992, Plaintiff has been actively engaged in the promotion and operation of a world-famous restaurant using the service mark CAFÉ DES AMIS.

7. Plaintiff owns longstanding common law rights to the mark CAFÉ DES AMIS for restaurant services.

8. Plaintiff also owns federal Service Mark Registration No. 2,499,589 for the mark CAFÉ DES AMIS for restaurant services in what was then International Class 42 (these services would now register in International Class 43). A copy of Plaintiff's federal service mark registration for CAFÉ DES AMIS, which issued on October 23,

2001, is attached as Exhibit A.  This federal registration is incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065.

9.  In addition to its restaurant line of business, Plaintiff also sells and distributes merchandise, including hot sauce, other condiments, and clothing which feature the mark, CAFÉ DES AMIS.  Plaintiff has additional product lines in development which are slated for public release in the near future.  All CAFÉ DES AMIS marks for goods and services, whether registered or unregistered, are hereinafter referred to as the "Café des Amis Marks".  The terms "service mark" and "trademark" will also be used interchangeably in this Complaint.

10.  Plaintiff has plans to license the Café des Amis Marks for use in the operation of restaurants in at least one additional city, which location is slated to open in the near future.

11.  As a result of Plaintiff's long and continuous use, the Café des Amis Marks have come to identify the Plaintiff's goods and services and to distinguish them from those of others, and have come to represent and symbolize substantial goodwill belonging exclusively to Plaintiff.

12.  In the almost two decades of its existence, Plaintiff's restaurant has gained a world-wide following, and, as a result, the Café des Amis Marks have become famous.

13.  Over the many years that Plaintiff has owned and used the Café des Amis Marks, Plaintiff has received substantial national and international media coverage of the restaurant both in print and broadcast media outlets.  Plaintiff also operates and/or controls its own website under the domain name www.cafedesamis.com.

14. The Café des Amis has been featured on several well-known national television news and entertainment shows, including the Food Network and The Weather Channel.

15. The print media have also frequently made reference to the Café des Amis Marks in their discussions of Plaintiff's restaurants and merchandise. The Café des Amis Marks have been prominently featured in mainstream entertainment magazines, including: the *National Geographic, Travel + Leisure*, *Chile Pepper*, *Food & Wine, Trad, La Vie, Departures,* and *Bon Appétit* magazines and the *USA Today* national newspaper.

16. An additional source of fame comes from the many celebrities who have dined at Café des Amis, including: Mary Steenburgen, Ted Danson, Dan Aykroyd, Tori Amos, Peter Paul & Mary (Peter Yarrow, Noel Paul Stookey, and the late Mary Travers), Joan Baez, Francis Ford Coppola, Robert Duvall, Miranda Richardson, and James Lee Burke.

17. Defendant operates restaurants in San Francisco, California and the surrounding area. The actions of the Defendant restaurant group are widely reported in the food press and other media.

18. In July, 2010, Defendant opened a restaurant named "Café des Amis" located at 2000 Union Street in San Francisco, California – hereinafter referred to as the "Infringing Restaurant" or the "Infringing Mark."

19. The opening of the Infringing Restaurant was widely reported in the food press and other media.

20. Upon information and belief, Defendant has significant experience in operating restaurants, and the management team at Defendant consists of sophisticated business people and experienced restaurateurs.

21. Upon information and belief, the Defendant's selection of the mark "Café des Amis" for its newest restaurant was made deliberately and with full knowledge of Plaintiff's rights to the Café des Amis Marks.

22. The Plaintiff's federal trademark registration for CAFÉ DES AMIS is a matter of public record at the U.S. Patent and Trademark Office (USPTO) and may be retrieved without cost through the on-line Trademark Electronic Search System maintained by the USPTO. The Defendant has actual and constructive notice of Plaintiff's trademark rights.

23. Upon information and belief, Defendant contacted the Plaintiff's listed USPTO representative, by communication directed to Plaintiff within this judicial district, and sought to license the right to use the mark CAFÉ DES AMIS for its restaurant, which license attempt was abandoned with the representation that Defendant had chosen a different name for its restaurant.

24. In violation of Plaintiff's common law and statutory rights with respect to the Café des Amis Marks, Defendant has adopted the same marks for its restaurant services.

25. Substantial events giving rise to this Complaint have occurred, and inevitably will occur, in this judicial district.

26. The harm giving rise to this Complaint has occurred, and will occur, in this judicial district.

27. The Defendant's infringing activities impact Plaintiff's rights and create a likelihood of confusion within this judicial district.

28. The Defendant has advertised and continues to advertise its infringing restaurant project by means of the World Wide Web on websites available and useable in this judicial district and discoverable by web users seeking information on Plaintiff's restaurant.

29. The Defendant uses its interactive website to solicit reservations for its restaurant, causing harm to Plaintiff in this judicial district.

30. The Defendant has directed its conduct toward the forum state, this judicial district, and Plaintiff in particular by, upon information and belief, contacting the Plaintiff's listed USPTO legal representative seeking a license for use of the mark CAFÉ DES AMIS and representing that another name had been chosen.

**FIRST CLAIM FOR RELIEF**
(**Lanham Act Trademark Infringement, 15 U.S.C. § 1114**)

31. Plaintiff restates and realleges each and every foregoing paragraph of this Complaint as if fully set forth herein.

32. Without Plaintiff's authorization or consent, Defendant has used the Café des Amis Marks and its own Infringing Marks to operate the Infringing Restaurant and to promote and generate publicity for Defendant's own goods and services.

33. Defendant's unlawful acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

34. Defendant's acts have been willful, deliberate and intended to benefit Defendant at Plaintiff's expense and have caused Plaintiff injury.

35. However, Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused by Defendant's unlawful acts and which would be caused by any further infringement of Plaintiff's Café des Amis Marks by Defendant, unless future unlawful acts and infringements of this kind are enjoined by the court as authorized by Section 34 of the Lanham Act, 15 U.S.C. § 1116.

36. As authorized by Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Plaintiff is additionally entitled to compensation consisting of Defendant's profits and the damages sustained by Plaintiff, plus the costs of this action. In assessing damages, according to the circumstances of the case, Plaintiff shall be entitled to a sum not to exceed three times Plaintiff's actual damages. In assessing Defendant's profits, Plaintiff shall be entitled to such sum as the court shall find just, in the event that recovery based on profits is either inadequate, or excessive, according to the circumstances of the case.

37. This is an exceptional case under 15 U.S.C. § 1117(a), and Plaintiff is also entitled to an award of reasonable attorney's fees.

38. This is also a case of intentional counterfeiting under 15 U.S.C. § 1117(b) with no extenuating circumstances, and, therefore, in assessing the compensation due to Plaintiff under 15 U.S.C. § 1117(a), Plaintiff is entitled to the greater of three times the Defendant's profits or Plaintiff's damages plus attorney's fees and prejudgment interest.

39. Because Defendant's actions involve use of a counterfeit mark and because Defendant's use of that counterfeit mark was willful, under 15 U.S.C. § 1117(c), Plaintiff may elect at any time before final judgment to recover statutory damages (in lieu of actual damages and profits) in an amount of not more than $2,000,000 per counterfeit

mark per type of goods or services sold or offered for sale, plus interest, the costs of this Action, and reasonable attorney's fees.

**SECOND CLAIM FOR RELIEF**
(**Lanham Act Unfair Competition, 15 U.S.C. § 1125**)

40. Plaintiff restates and realleges each and every foregoing paragraph of this Complaint as if fully set forth herein.

41. Defendant's unauthorized use of Plaintiff's Café des Amis Marks and its use of its own Infringing Marks will likely cause confusion or cause mistake or deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services or commercial activities by Plaintiff.

42. Defendant's unlawful acts constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendant's acts have been willful, deliberate and intended to benefit Defendant at Plaintiff's expense and have caused Plaintiff injury.

44. However, Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused by Defendant's unlawful acts and which would be caused by any further infringement of Plaintiff's Café des Amis Marks by Defendant, unless future unlawful acts and infringements of this kind are enjoined by the court as authorized by Section 34 of the Lanham Act, 15 U.S.C. § 1116.

45. As authorized by Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Plaintiff is additionally entitled to compensation consisting of Defendant's profits and the damages sustained by Plaintiff, plus the costs of this action. In assessing damages,

according to the circumstances of the case, Plaintiff shall be entitled to a sum not to exceed three times Plaintiff's actual damages. In assessing Defendant's profits, Plaintiff shall be entitled to such sum as the court shall find just, in the event that recovery based on profits is either inadequate, or excessive, according to the circumstances of the case.

46.     This is an exceptional case under 15 U.S.C. § 1117, and Plaintiff is also entitled to an award of reasonable attorney's fees.

**THIRD CLAIM FOR RELIEF**
(**Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c)**)

47.     Plaintiff restates and realleges each and every foregoing paragraph of this Complaint as if fully set forth herein.

48.     Defendant's unauthorized use of Plaintiff's Café des Amis Marks, and its own Infringing Marks will likely cause dilution by blurring and/or dilution by tarnishment because the distinctiveness of Plaintiff's Café des Amis Marks will be impaired with Defendant's continued use of an identical mark and because the reputation of Plaintiff's Café des Amis marks will be harmed by association with Defendant.

49.     Defendant's unlawful acts constitute unlawful dilution of a famous mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

50.     Defendant's acts have been willful, deliberate and intended to benefit Defendant at Plaintiff's expense and have caused Plaintiff injury.

51.     However, Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused by Defendant's unlawful acts and which would be caused by any further infringement of Plaintiff's Café des Amis Marks by Defendant,

unless future unlawful acts and infringements of this kind are enjoined by the court as authorized by Section 34 of the Lanham Act, 15 U.S.C. § 1116.

52. As authorized by Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Plaintiff is additionally entitled to compensation consisting of Defendant's profits and the damages sustained by Plaintiff, plus the costs of this action. In assessing damages, according to the circumstances of the case, Plaintiff shall be entitled to a sum not to exceed three times Plaintiff's actual damages. In assessing Defendant's profits, Plaintiff shall be entitled to such sum as the court shall find just, in the event that recovery based on profits is either inadequate, or excessive, according to the circumstances of the case.

53. This is an exceptional case under 15 U.S.C. § 1117, and Plaintiff is also entitled to an award of reasonable attorney's fees.

**FOURTH CLAIM FOR RELIEF**
**(Violation of Anti-Cybersquatting Protection Act, 15 U.S.C. § 1125(d))**

54. Plaintiff restates and realleges each and every forgoing paragraph of this Complaint as if fully set forth herein.

55. Defendant is the Registrant of, and/or exercises control over, the domain name www.cafedesamissf.com which is used to advertise and promote the Infringing Restaurant – hereinafter referred to as the "Infringing Website."

56. Defendant has thus registered, trafficked in, or used a domain name that is identical to and/or is confusingly similar to and/or is dilutive of the Café des Amis Marks.

57. Defendant has, and continues to have, a bad faith intent to profit from its use of the Café des Amis Marks.

58. Defendant's unlawful acts constitute unlawful cyberpiracy in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

59. Defendant's acts have been willful, deliberate and intended to benefit Defendant at Plaintiff's expense and have caused Plaintiff injury.

60. However, Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused by Defendant's unlawful acts and which would be caused by any further infringement of Plaintiff's Café des Amis Marks by Defendant, unless future unlawful acts and infringements of this kind are enjoined by the court as authorized by Section 34 of the Lanham Act, 15 U.S.C. § 1116.

61. As authorized by Section 35 of the Lanham Act, 15 U.S.C. § 1117(a), Plaintiff is additionally entitled to compensation consisting of Defendant's profits and the damages sustained by Plaintiff, plus the costs of this action. In assessing damages, according to the circumstances of the case, Plaintiff shall be entitled to a sum not to exceed three times Plaintiff's actual damages. In assessing Defendant's profits, Plaintiff shall be entitled to such sum as the court shall find just, in the event that recovery based on profits is either inadequate, or excessive, according to the circumstances of the case.

62. This is an exceptional case under 15 U.S.C. § 1117, and Plaintiff is also entitled to an award of reasonable attorney's fees.

63. Because Defendant's actions violate 15 U.S.C. § 1125(d)(1), under 15 U.S.C. § 1117(d), Plaintiff may elect at any time before final judgment to recover statutory damages (in lieu of actual damages and profits) in an amount of not more than $100,000 per domain name plus interest, the costs of this Action, and reasonable attorney's fees.

**FIFTH CLAIM FOR RELIEF**
**(Louisiana Unfair Trade Practices and Consumer Protection Act)**

64. Plaintiff restates and re-alleges each and every foregoing paragraph of this complaint as if fully set forth herein.

65. Defendant's acts constitute unfair trade practices in violation of the law of the State of Louisiana, La. R.S. 51:1401 et seq.

66. However, Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused by Defendant's unlawful acts and which would be caused by any further unfair trade practices by Defendant, unless future unlawful acts and infringements of this kind are enjoined by the court as authorized by La. R.S. 51:1405, 1407, and 1409.

67. As authorized by La. R.S. 51:1409, Plaintiff is additionally entitled to recovery of its actual damages, treble damages, recovery of the costs of this action and its reasonable attorney's fees.

**JURY DEMAND**

68. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury of all issues triable as of right by jury.

**WHEREFORE,** Plaintiff demands judgment:

A. On the First Claim for Relief, preliminarily and permanently enjoining Defendant from any and all use of "Café des Amis" or any similar marks in connection with restaurant services or any related goods or services, and additionally either (1)

awarding Plaintiff compensation in an amount to be determined at trial (including treble damages) and prejudgment and post-judgment interest, the costs of this Action, and reasonable attorney's fees or (2) awarding Plaintiff statutory damages in an amount not to exceed $2,000,000 per counterfeit mark plus interest, the costs of this Action, and reasonable attorney's fees;

  B. On the Second Claim for Relief, preliminarily and permanently enjoining Defendant from any and all use of "Café des Amis" or any similar marks in connection with restaurant services or any related goods or services, awarding Plaintiff compensation in an amount to be determined at trial (including treble damages), as well as interest, the costs of this Action, and reasonable attorney's fees;

  C. On the Third Claim for Relief, preliminarily and permanently enjoining Defendant from any and all use of "Café des Amis" or any similar marks in connection with restaurant services or any related goods or services, and additionally awarding Plaintiff compensation in an amount to be determined at trial (including treble damages), as well as interest, the costs of this Action, and reasonable attorney's fees;

  D. On the Fourth Claim for Relief, preliminarily and permanently enjoining Defendant from use of the domain name www.cafedesamissf.com or any similar domain name likely to cause confusion with Plaintiff's Café des Amis Marks, ordering Defendant to forfeit and transfer the domain name of all infringing websites to Plaintiff, and either (1) awarding Plaintiff compensation in an amount to be determined at trial (including treble damages), as well as interest, the costs of this Action, and reasonable attorney's fees or (2) awarding Plaintiff statutory damages in an amount not to exceed $100,000 per domain name, plus interest, the costs of this Action, and reasonable attorney's fees;

E.  On the Fifth Claim for Relief, preliminarily and permanently enjoining Defendant from any and all use of "Café des Amis" or any similar marks in connection with restaurant services or any related goods or services, and additionally awarding Plaintiff monetary damages in an amount to be determined at trial, as well as interest, treble damages, costs of this Action, and reasonable attorney's fees;

F.  On the First, Second, and Third Claims for Relief, an order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing mark(s) in violation of 15 U.S.C. §§ 1114 and 1125, and all plates, molds, matrices, and other means of making same, shall be delivered up and destroyed; and

G.  Awarding such other and further relief in favor of Plaintiff as this Court deems just, proper, and equitable.

    Respectfully submitted,

_s/Michael D. Hebert_____
Michael D. Hebert (La. Bar # 17297)
Andrew Halverson (La. Bar # 31184)
Milling Benson Woodward L.L.P.
101 LaRue France, Suite 200
Lafayette, LA 70508
Telephone: (337) 232-3929  Fax: (337) 233-4957
E-mail: mhebert@millinglafayette.com
       ahalverson@millinglafayette.com

And,

Marie Breaux (La. Bar # 17156)
Rene A. Louapre (La. Bar # 31241)
Milling Benson Woodward L.L.P.
909 Poydras Street, Suite 2300
New Orleans, LA  70112-1010
Telephone: (504) 569-7000  Fax: (504) 569-7001
E-mail: mbreaux@millinglaw.com
       rlouapre@millinglaw.com

*Attorneys for Café des Amis, Inc.*

Word396916